UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIGUEL FERNANDEZ,

                              Plaintiff,                      **ORDER**
    -against-                                           09 CV 2693 (DRH) (ARL)

ILAN ANGELO ZAGER and
MICHAEL ARNOLD PENETTE,

                              Defendants.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiff commenced this action on June 24, 2009 based on diversity jurisdiction and sought damages for injuries he allegedly sustained as a result of a motor vehicle accident. Although a Summons was issued as to defendants that same day, there is no indication on the docket that defendants were ever served with the Summons and Complaint. Indeed, defendants have never appeared or answered the Complaint. No action has been taken in this matter by either party since June 24, 2009.

      On November 15, 2010, Magistrate Judge Arlene R. Lindsay issued an order directing plaintiff to show cause why she should not recommend that the case be dismissed for failure to prosecute. Plaintiff did not respond. On December 6, 2011, this Court issued another order to show cause and directed plaintiff to respond on or before December 19, 2011. Plaintiff has again failed to respond.

      Federal Rule of Civil Procedure 4 provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," which is 120 days. Fed. R. Civ. P. 4(c)(1), 4(m). As noted above, plaintiff has failed to establish that he properly served either of the defendants and,

accordingly, the Court finds that it lacks personal jurisdiction over the defendants. *See Mastroianni v. Reilly*, 602 F. Supp. 2d 425, 434 (E.D.N.Y. 2009). Thus, the only remaining issue is whether the Court should dismiss the Complaint.

Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Here, plaintiff was put on notice of the potential for the dismissal of his claims by virtue of Judge Lindsay's November 15, 2010 Order to Show Cause. This Court gave plaintiff another opportunity to show cause why the Complaint should not be dismissed via its Order to Show Cause dated December 6, 2011. Nonetheless, plaintiff has entirely failed to respond and has neither demonstrated that defendants were properly served nor offered any excuse for his failure to properly serve them. Under these circumstances, the Court hereby dismisses the Complaint without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
December 20, 2011

/s/
Denis R. Hurley
United States District Judge